The third case on our call today is People v. Holmes, 109-130, Agenda Number 3. Counsel, are you ready to proceed? Please. Good morning, Your Honors. May it please the Court, Christine Neal from the Office of the State Appellate Defender, on behalf of the appellant defendant in this case, Leonard Holmes. I will be addressing the arguments before this Court in the order that they were presented in Holmes' opening and reply briefs. I will begin with the discussion of Argument 1. For Argument 2, I will stand on the points articulated in my briefs, and then I will turn my focus to Argument 3. Indiana resident Leonard Holmes was charged with two counts of aggravated unlawful use of a weapon after he was pulled over for a minor traffic violation in Chicago. Holmes produced a valid Indiana driver's license and car registration, and when asked to step out of his car, he informed the officer that he had a gun in the vehicle that was registered in Indiana. At Holmes' jury trial, it was undisputed that the gun was recovered from the closed, latched backseat armrest of the vehicle. Whether the gun was recovered loaded or unloaded, immediately accessible or not immediately accessible, was in dispute at trial. Count 1 alleged that Holmes carried an uncased, loaded, and immediately accessible firearm in his vehicle. And Count 2 alleged that Holmes carried a firearm in his vehicle without having been issued a currently valid firearm owner's identification card. The jury entered a finding of guilt on a general verdict form for aggravated unlawful use of a weapon. Not one good count remains to uphold Holmes' conviction. Argument 1 invalidates the conviction as to Count 1. Argument 3 demonstrates that Holmes was exempt from prosecution altogether under Count 2 as he is an Indiana resident with a lawful gun permit from his home state of Indiana. Thus conviction as to Count 2 is also invalid. Back to Count 1. Yes. While this case was pending in this court, People v. Diggins was decided. Are you familiar with that case? I am. How does that impact upon your position? This court's decision in People v. Diggins defined the term case by its ordinarily understood meaning. And what that does, the State concedes that the undisputed trial evidence of the gun recovered in this case was encased. It was recovered from a closed, latched compartment in the back seat of the car. The Diggins case defined a case using its plain and ordinary meaning as any portable or non-portable receptacle and need not be interpreted only in reference to firearms. And in Diggins, this court held that the console of the vehicle fell within the exception of 24-1.6C3. The State agrees that if this court finds the weapon was encased under Diggins, that Holmes' conviction under Count 1 was improper. Therefore, because the State failed to prove every element in Count 1, which was that the gun was encased, loaded, and immediately accessible, if one of those three was not proven, Holmes is not guilty of aggravated unlawful use of a weapon under Count 1. This court doesn't have any questions about the first argument. I will proceed to Argument 3. The non-Illinois pattern jury instruction given to Holmes' jury instructed them to convict Holmes of aggravated unlawful use of a weapon if they found that Holmes had not been issued a currently valid void card. That was all they were given in the instruction for Count 2. As an out-of-state resident, Leonard Holmes could not legally obtain a void card. His attorney attempted to enter his Indiana permit at trial. He made a proffer and the State acknowledged that they were on notice. The court refused to allow them to bring that in, and the court ostensibly directed a guilty verdict on Count 2 by prohibiting Holmes from presenting his Indiana firearm permit to prove up his exemption. As a result, Holmes, who had no prior felony record, is now a convicted felon for not having in his possession something that he never could have illegally obtained. The attorney then attempted to instruct the jury as to IPI 18.01A, the exemptions to firearm, to weapons offenses, which would have told the jury that as a non-resident, Holmes was not able to have a void card, but it was necessary that he be legally permitted to obtain a firearm in his home state. The court refused to give that instruction to the jury. This court, by the plain language of the Aggravated Unlawful Use of a Weapon Statute and the Void Card Act, by reading the plain language, it is unambiguous that they must be interpreted together. And if the two statutes are read in pari materiae, they are incorporated by direct reference to each other. And if I may also point out, as was mentioned in the briefs, the Illinois State Police website specifically says that there are three statutory codes that regulate the possession, the transfer, and the transport of firearms in Illinois. And those three statutes are the Criminal Code, the Wildlife Code, and the Void Card Act. The Illinois State Police clearly says that for a non-resident to comply by our laws and bring their firearm into our state, they must, as do Illinois residents, have an unloaded, enclosed-in-a-case firearm, and non-residents must be eligible to possess or acquire firearms and ammunition in their state of residence. So with taking both of those statutes into consideration, Holm's conviction under Count 2 should be reversed. And if his conviction in Count 1 is not likewise reversed, then he asks that he be given a new trial on that count alone. If this Court doesn't have any questions... Counsel, I do. Okay. You indicated that, in the opening statement, the state acknowledged that they were on notice that Mr. Holm's had the gun permit in Indiana, but then later, when you attempted to introduce this evidence, there was an objection by the state. Is that right? Correct. And then their argument was based on, well, this is an affirmative defense. We're not properly on notice for the affirmative. But you've argued an exception or an exemption is distinct from an affirmative defense. Exactly. Could you just hit that point for a bit here? Yes. Defense counsel clearly argued to Judge Wattis and before the state that the exemption of an out-of-state permit is not an affirmative defense. And it is never at issue for the state to prove that the defense was responsible for proving, by a preponderance of the evidence, that he was properly permitted to obtain the firearm in his state of residence. All right. Are there any further questions? No? All right. Well, I will save my time, then, for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please this Court, Ms. Neal. My name is Anne Magatz. I am an assistant state's attorney from Cook County, and I am here on behalf of the people. Your Honors, the defendant in this case was properly convicted of an aggravated UUW count. Regardless of how this Court chooses to reply to defendants' arguments that his firearm was encased pursuant to Diggins, or how this Court chooses to respond to any of defendants' claims with respect to Count 1, this defendant was properly convicted of an aggravated UUW count because he did not avail himself of any of the methods the legislature has created for lawfully transporting a firearm in Illinois. Ms. Magatz, do you acknowledge that the defendant could not have been charged with the conduct alleged in Count 2 if he had been an Illinois resident with a FOID card? He would not have been liable for prosecution on Count 2. That's correct. But your position is that an Indiana resident with an Indiana permit could be charged with the conduct alleged in Count 2, right? That is correct. Can you tell this Court what interest the State of Illinois has in prosecuting out-of-state residents for conduct that would not be criminal if committed by Illinois residents? Yes, Your Honor. The purpose of the aggravated unlawful use of a weapons statute is to protect the residents of Illinois from the unlawful use of weapons. The legislature has predicated felony aggravated UUW on not being issued a firearm owner's identification card. In doing this, the legislature, by reading the statutes, we can infer that the legislature has said that if you're going to possess a firearm owner's identification card or a firearm in the first instance, it would defy logic that the legislature would now choose to accept the standards that another state's legislature has created for acquiring an out-of-state gun license and substituting that to protect the public from the unlawful use of firearms in Illinois. And you've come to that position by arguing that the exceptions of the Foyt Card Act should not be read into the aggravated UUW statute, right? That is our position, that the exception in the Foyt Card Act should not be read into the aggravated UUW statute. The statute itself, the UUW statute itself, references Foyt Cards, though, right? It does reference Foyt Cards. So to learn what a Foyt Card is, we have to turn to the Foyt Card Act, right? Yes, the Illinois legislature has defined what an FOAD card is in the Foyt Card Act. So in looking at that, we learn that it's something that is not required for non-residents with valid permits. When a person is charged with a violation of the Foyt Card Act, an out-of-state license will qualify to accept a person from prosecution for a violation of the Foyt Card Act. So is there some absurdity to make someone a felon for failing to have something that the law does not require them to have? There is no absurdity because what the defendant in this case was charged with was unlawfully using and transporting a weapon within Illinois, and he did not meet the requirement of the additional requirement of having this card. So that argument really, if we disagree with the argument that the exceptions of your argument, that the exceptions of the Foyt Card Act should not be read into the aggravated UUW, to come to that position, we have to agree with that argument, right? I'm sorry. I'm misunderstanding. The argument that you just made with respect to the UUW statute, and in this case the Indiana resident become a felon, we have to accept the argument that you don't read the provisions of the Foyt Card Act into the UUW statute. That would be correct. But you do acknowledge that the UUW statute itself references the Foyt Card Act. It does reference the Foyt Card Act, and the Foyt Card Act is a term of art. It's a proper noun in this case that was defined in the Foyt Card Act. Within the Foyt Card Act, the exception that defendant has claimed applies to him, which is in subsection 2B10. The legislature references an out-of-state gun license. It does not reference an out-of-state FOID card. If the legislature intended an out-of-state gun license to accept a defendant from aggravated UUW, they would not have only have included this exception in the aggravated UUW statute or in the section governing exemptions to aggravated UUW. They would have used the term out-of-state license, and they have used the term FOID card. Isn't that raising form over substance, though? Your Honor, the legislature purposefully used the term FOID card, which is the name of the license that applies in Illinois for a gun license. Don't we honor other state licensure in other situations? We do, Your Honor. Can I have an example? The driver's license. The difference here, Your Honor, is that this element, the element of the aggravated UUW offense, applies when a firearm is possessed in an unlawful fashion. If defendant had possessed his firearm in a lawful fashion, and again, the aggravated UUW statute itself and subsection 242B10 of the criminal code expressly provides that any person, including an out-of-state resident who is unable to attain an Illinois FOID card, may transport a firearm in Illinois without being liable for any prosecution for aggravated UUW so long as this firearm is possessed lawfully. That is, to break it down in a non-functioning state or make it not immediately accessible. And defendant in this situation did neither of them. What he did do is he transported a loaded, functioning, immediately accessible, 9-millimeter semi-automatic handgun in Illinois. The evidence that this firearm was functioning was unrebutted. When the weapon was recovered from defendant's car, there was a bullet encased in the chamber and it was ready to be fired. We also know that this firearm was immediately accessible to defendant because it was in the backseat armrest, and defendant himself testified that he has no problem reaching right back behind him and accessing this armrest. The defendant admits that he's raising his argument that the state failed to prove, beyond a reasonable doubt, that the gun was not fully encased for the first time before this court. You have not addressed whether defendant forfeited his argument. Does that mean that you agree that he did not forfeit the argument? The people take the position that he has not forfeited this argument. This court's decision in Diggins was not available to defendant at the time he filed his petition for leave to appeal. And defendant alleges now that his conduct may, or an element of the offense, may not have been proven based on a new case. And he's raising a sufficiency of the evidence claim. And in this limited circumstance, and in light of fundamental fairness, the state would not stand in the way of a full review of this issue. He also, and then he argues, I guess in response to that, that reasonable doubt arguments can be raised for the first time on appeal. So the fact of Diggins is false when you consider people versus Lucas that he cites to. Is that correct? Your Honor, our position would be that he's, in this situation, he's not forfeited this claim. Thank you. This court can decide defendant's case today by finding that he was properly convicted of an aggravated, unlawful use of a weapon count. And count two charged him with possessing a firearm and not being issued an FOID card. And there was a way for him to transport this firearm within Illinois without being issued this card. And because the legislature has provided in the aggravated UW statute itself, and in the exemptions to the aggravated UW statute, that all defendant had to do was break his firearm down into a nonfunctioning state or make it not immediately accessible. Defendant's argument that the statute, or the aggravated UW statute, and the FOID card act are in pari materia should be denied. The basis of defendant's argument is that there was no way for defendant to transport his firearm in Illinois and not be liable under the aggravated UW statute. However, again, the legislature has already created a means for defendant to do exactly what he says. The law prevents him from doing. Also, when we look at the plain and ordinary language of both the aggravated UW statute and the FOID card act, we see that they're different in scope, they're enacted for different purposes, and that there's no basis to basically engraft an exception that the legislature created in and limited to the FOID card act and to the aggravated UW statute. The legislature created a multitude of exemptions to aggravated UW in section 24-2 of the criminal code, and the legislature could have but chose not to include out-of-state residents with out-of-state licenses. Also, the FOID card act was enacted, and we know this from the legislature's declaration of policy within it, that it was enacted to create a framework for identifying who is eligible to possess a firearm. The legislature then even says that the exceptions to violations of the FOID card act only apply to violations of the FOID card act. They do not, the legislature did not say that these exceptions apply to violations of the FOID card act and violations of the criminal code. In addition, your honors, even if this court were to decide that this exception to the FOID card act should be imported into the aggravated UW statute, defendant was still properly convicted of an aggravated UW charge. The FOID card act requires that a person have a firearm owner's identification card in their possession at the time they possess this firearm. This is not the case in our case, because defendant, by his own admission to the police, said he had an Indiana gun license, but it was in Indiana. If this court were to transport or import an exception to the FOID card act for out-of-state residents with out-of-state gun licenses, it should also import the same requirement that this gun license be on their person. Doesn't the FOID card statute merely refer to a FOID card that has been issued? Isn't that what the statute says, has been issued? It doesn't say anything about being on your person, does it? The aggravated UW statute does say that. However, the FOID card act, the exception that defendant is claiming, references the FOID card act. So the Illinois resident would have to have a FOID card issued to him, but the Indiana resident would have to have not only the Indiana permit issued, but also on his person. So there would be an additional requirement for the Indiana resident again, right? Assuming that this exception to the FOID card act applied, yes. But again, even if this were an exception, defendant still did not put himself within the ambit of it. If defendant had possessed this firearm lawfully, the aggravated unlawful use of a weapon statute would not be at issue, and then he might have an exception to claim under the FOID card act. But even then, he didn't have his gun license on his person and his possession. Let me understand this. Maybe I'm getting more confused. Under the statute, it says a person commits the offensive aggravated unlawful use of a weapon when he knowingly carries in any vehicle any firearm, and any one of the following factors is present. And then skipping over the uncased and unloaded, et cetera, if the factor of the person possessing a firearm has not been issued a current he's guilty of aggravated unlawful use, no matter whether the weapon is encased, not immediately accessible, unloaded. Is that correct? No, Your Honor. When you read the aggravated UUW statute in conjunction with the exemptions to it, there it is exemption for when this firearm is broken down in a non-functioning state or is not immediately accessible. So if defendant had either broken his firearm down or made it inaccessible to him by putting it in the trunk of the car, that the element, the one element, aggravated UUW would not even come to play in the first instance. And not having the FOID card is an aggravating factor here. Your Honor, the plain language of the FOID card act, the aggravated UUW statute, and the exemptions to it in Section 24-2 of the Criminal Code are clear and unambiguous. The basic tenets of statutory construction require us to conclude that an exception that the legislature created in and limited to the FOID card act should not be imported into the aggravated UUW statute and exempt defendant in this case. If defendant had been a responsible gun owner and broke his firearm down or put it in the trunk of his car and made it inaccessible to him, he would be exempt. But he was not a responsible gun owner in this case because he had a loaded, immediately accessible firearm in the backseat armrest of his car. Defendant was properly convicted of an aggravated UUW count in this case. And based on that, his conviction and sentence should be affirmed. Your Honors, for the reasons the people have expressed today. Counsel, I have one more question on that. As I understand your argument, is that even if this court was to hold that the defendant was not proved guilty of aggravated UUW, your position is that we should reduce his conviction to unlawful use of a weapon rather than reversing outright. And didn't you make that point as well? With respect to count one, yes, Your Honor. Right. And I'm asking, is there any, the position of the state also seems to be the defendant was not entitled to a lesser included offense instruction on unlawful use of a weapon. Your Honor, the basis of. . . Am I writing the facts on that first? That's correct. We do maintain with count one that if this court were to find that the firearm was encased, his conviction should be reduced to misdemeanor. But did the state also take the position that the defendant was not entitled to unlawful use of a weapon instruction? At that time, that's correct. Again, I have to ask, is there any inconsistency between asking this court, rather than a reverse outright to put in play unlawful use of a weapon when the other position of the state is they weren't even entitled to a lesser included on that? Your Honor, the basis of the lesser included offense instruction, as argued in defendant's brief, was that his firearm was unloaded. He maintains that there was some evidence that his firearm was unloaded because he testified that he took the magazine out of his gun. However, there was unrebutted evidence in this case that came from two police officers that there was a bullet encased in the chamber of the gun ready to be fired. Therefore, there was evidence that this gun was unloaded. This evidence was unrebutted, and the trial court did not abuse its discretion in deciding to deny this instruction based on that. There was no request, or there wasn't an argument made that the defendant was denied an unlawful use of the weapon instruction on the basis of his firearm being encased. May I ask a question? Maybe I misunderstood. I thought he testified that the gun was unloaded. The defendant testified that his gun was unloaded. So there was some evidence in the case that the gun was unloaded. His testimony that his gun was unloaded constituted his claim that when he pulled over, he took the magazine out of his gun and put it in his pocket. He did not account for the bullet that was recovered from the chamber of the gun. Your Honors, for the reasons that the State has set forth today in argument, and for those the people have established in their brief, we respectfully request this honorable court to affirm defendant's conviction and sentence for aggravated EUW in this case. Thank you. Thank you. Ms. Neal? I'm going to begin with argument one. Your Honors, Holmes testified that when he got into his vehicle in Indiana, he remembered that his newly purchased and registered firearm in Indiana was in the car. He unloaded the firearm in Indiana, not when he was pulled over in Illinois. That was his testimony at trial, and it was unrebutted as to that respect. The State has conceded that our reasonable doubt argument is not forfeited here, and I wanted to also inform the court that for the lesser included EUW, Holmes maintains that he should have a reversal on count one outright, that it should not be put down to the lesser included EUW. And there is, based upon the evidence that was presented at trial, Holmes could have been found guilty of the lesser included EUW if the jury found that the gun was immediately accessible, encased, as this court found under Diggins, and loaded. And he could have been found not guilty of the aggravated EUW if the jury found that the gun was immediately accessible, encased, as per Diggins, and loaded. So there was the possibility of the proper instruction to the jury of the lesser included offense of EUW. Immediately accessible was contended because the defendant testified that the closed, latched backseat armrest was pushed back into the trunk of his vehicle, whereas the officers testified that the armrest was in a down position. So that was a question of fact for the jury to determine. Unlike the question of law presented by Diggins as to whether or not the gun was enclosed in a case. As for argument three, it was an impossibility by the way the jury was instructed that they could find Holmes guilty under count two for Holmes to present a FOID card. Under the state's reading of the two statutes, there is an infirmity. It must be read in peri materiae in order to be constitutional. Non-residents are given no way of getting out of Illinois law. They are still required, just our Illinois residents, to follow the requirements in the aggravated unlawful use of a weapon statute. Under Defoe, which references the Privileges and Immunities Clause, Defoe reads, The Privileges and Immunities ensures that the rights guaranteed by states to its citizens are not withheld from citizens of sister states, such as Mr. Holmes. So if he had been able to present to the jury his proper and valid Indiana gun permit, then that would make, under Defoe, Illinois residents and non-Illinois residents being held to the same standards. And if either defense counsel had been able to present the permit to the jury, or if the jury had been instructed as to 18.01a, as was also requested by defense counsel, then the jury would have had all the information necessary to determine whether or not Holmes was guilty of not having an Illinois FOID card. I also wanted to address, the state brought up that Holmes did not have his Indiana permit on his person, and whether or not that constituted a conviction under the aggravated unlawful use of a weapon statute. And our answer is no. As Your Honor has pointed out, the plain language of 24.1.6 says that an Illinois resident must only have been issued a FOID card. Under the FOID card act, an Illinois resident who does not have it on their person is guilty of a misdemeanor offense, not a felony offense of aggravated unlawful use of a weapon. The plain language of 65.2b, the FOID card act, states that the provisions of this section regarding the possession of firearms and firearm ammunition do not apply under B-10 to non-residents. And there's also B-9, which references that an out-of-state resident, if the gun is enclosed in a case and unloaded, is able to bring their firearm into Illinois for events such as the gun in Sparta, Illinois, that I referenced in my opening brief. And the reason for that is that some states in the United States do not actually require residents to have a permit or a registration. So in Illinois, we say no one's bringing in a firearm unless they have it properly unloaded and enclosed in a case, which are questions that are presented to the jury. And they are not required to have the permit on their person. As I said in my opening, not one good count remains against Holmes. Under Diggins, the uncontested evidence presented at trial, his gun was encased. So no conviction on count one. And where Holmes was charged for not having a FOID card that he could not legally possess, he was exempt and no conviction can stand under count two. Holmes requests that this court reverse his convictions under both aggravated, unlawful use of weapon counts outright. Thank you for your time today. Thank you. Case number 109-130, People v. Leonard Holmes, is taken under advisement as